THE STATE, THE PAVONIA FERRY CO., PROSECUTORS, v. HENRY L. RICHARDS, COLLECTOR OF TAXES.

1. An assessment for taxes, under the charter of Jersey City, on ferry boats and a quantity of coal, alleged to belong to the Pavonia Ferry Company, set aside on testimony showing that the ferry company had no interest in such property.
2. The question, whether the ferry company have power to delegate their right of ferriage, cannot be raised in this case, where the question is, whether the prosecutors are or are not the owners of the property upon which the tax has been assessed.

On *certiorari*.   In matter of assessment and taxation.

For the prosecutor, *A. O. Zabriskie.*

For the defendant, *R. D. McClelland.*

The opinion of the court was delivered by

HAINES, J.   The writ of *certiorari* in this case brings up the assessment for taxes for the year 1861, assessed on property in Jersey City, alleged to belong to the Pavonia Ferry Company.   The objection is to the items in which they are assessed for two ferry boats and a quantity of coal, upon the ground that the same do not belong to, and were never in the use or custody of the prosecutors.   The 44th section of the act to incorporate Jersey City, *Laws of* 1851, page 409, provides that the assessors shall assess all real estate and chattels situated in the city, both of residents and non-residents, at its true, full, and fair value, designating the number of lots and parcels of land and the value of the personal chattels which they assess to each person.   Hence it is obvious that the property to be assessed must be in the city, and assessed to its owner, whether he reside in the city or elsewhere.   If, therefore, the property in question did not at the time of the assessment belong to the prosecutors, the assessment to them for that property must be set aside.   And this is a question of fact, to be settled by the testimony.   By the

State v. Richards.

depositions taken, it appears that the Pavonia Ferry Company have no interest in property at or upon the Long Dock, except the right of ferry, and that it does not, either by itself or its officers, run the ferry nor own any boat nor any coal; that the ferry is run by Nathaniel Marsh, receiver of the New York and Erie Railroad Company; that, as such receiver, he bought the boats for service at the ferry, and has used them in that service, and that the coal in question was also his property, as such receiver, and used in propelling the boats. This testimony is uncontradicted; and if true it shows that the personal property assessed did not belong to the prosecutors, and that they should not have been assessed for it. It is suggested, on the part of the collector, that the ferry company have no power to delegate the right of ferriage. That may be so, or not, but the question cannot be raised here. For if it be held that they have abused their power by letting out their franchise, that does not make them the owner of the boats nor of the coal; and it is of no consequence here who are the owners, nor who ought to have been assessed, if not they.

Some reliance seems to be placed on a letter, written in behalf of the counsel of the Long Dock Company, in which the assessor was informed that the taxes for the improvement on Long Dock had, for that season, better be assessed to the Long Dock Company. But this does not apply to the case before us. It relates to real, and not to personal estate. It could not have misled the assessor, for he assessed real estate to the Pavonia Ferry Company, and they do not object to it, nor call it in question. If it be the same as that mentioned as the real estate of the Long Dock Company, no wrong is done to Jersey City or any of its officers. What the prosecutors complain of is the assessment for personal property, which does not and never did belong to them, and they are entitled to relief.

The assessment, as to the ferry boats and coal, must be set aside.